UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AUSTIN AITKEN, | ) | Case No.: 1:10 CV 2502 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| STATE CASH ADVANCE, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant | ) | AND ORDER |

Plaintiff *pro se* Austin Aitken filed this action under Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against Defendant State Cash Advance. Also before the court is his Motion to Proceed *In Forma Pauperis*. (ECF No. 2). He alleges that Defendant violated the ADA by refusing to give him a loan based on the fact that he is a disabled veteran on a government fixed income.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

Title III of the ADA applies to public accommodations. The Act provides that, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment

of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 28 U.S.C. § 12182(a). The Act prohibits discrimination in public accommodations and services provided by private entities, such as banks. *Scherer v. Mission Bank*, 2001 WL 789283, * 2 (D.Kan., Jun. 29, 2001).

Plaintiff asserts that he is disabled and that he was denied a loan because he was on a fixed income. However, the ADA cannot reasonably be extended to require banks to conduct a different qualification test for loan applicants who are disabled and are on a fixed income. *Scherer v. Mission Bank*, 34 Fed.Appx. 656, 658 (10 Cir. 2002).

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 26, 2011